JOHN BELKNAP *versus* AMOS DAVIS.

Where the treasurer of a corporation was authorized by vote to hire money on such terms and conditions as he might think most conducive to the interests of the company to meet certain acceptances by the defendant of the drafts of the company on him — *it was held*, that by this vote authority to raise money was given, and to indorse drafts drawn by himself to accomplish that object; and that the acceptance of such draft by the defendant, one of the directors, who was present at the meeting when such vote was passed, and who was thereby to be benefitted, precluded him from disputing the authority of the corporation to pass such vote.

THIS was a suit against the defendant, as the acceptor of the following bill of exchange, which was indorsed by said Norcross, as treasurer:

"Bangor, Oct. 17, 1836.

"$3600. Nine months from date, value received, pay to my own order at the Suffolk Bank in Boston, thirty-six hundred dollars, and charge the same to the Penobscot Mill Dam Company, being part of the sum authorized to be raised by a vote of the directors, passed on the 6th instant.

"N. G. NORCROSS, Treasurer of Penobscot
"Mill Dam Co.

"To Amos Davis, Bangor."

The plaintiff read from the records of the Penobscot Mill Dam Company, a vote passed Oct. 6, 1836, in the following words, viz. —

"Voted, that the treasurer of said company be authorized to hire, on such terms and conditions as he may think most conducive to the interests of the company, a sum of money not exceeding forty thousand dollars, in such sums as may be expedient and for a term of time not less than eight nor more than twelve months, for the purpose of meeting Amos Davis's acceptances of the company's drafts, given for the purchase of logs, as they respectively fall due."

It appeared, that the defendant was one of said directors, and present at said meeting.

It appeared, from testimony introduced by the plaintiff, that the business hours of the Suffolk Bank, Boston, closed at two

o'clock, P. M. and that immediately before two o'clock, on the 20th July, 1837, the bill was presented at that bank and payment demanded, and no funds were there to pay, and it was not paid. And it appeared, by testimony of the plaintiff, that the writ was made on the same 20th July, after two o'clock, P. M.; that Norcross lived then in Bangor, and that the office of the company was kept in Bangor.

Upon this testimony, the defendant consented to be defaulted, subject to the opinion of the Court, whether, upon this proof, the plaintiff is entitled to recover ; and if the plaintiff is not so entitled, the default is to be taken off and a nonsuit entered.

*Rogers,* for the defendant. The plaintiff claims as indorsee. The question is one of strict legal rights. The acceptance does not imply authority to draw or indorse. The drawer in this draft was the corporation, not Norcross, and they alone are bound. When the treasurer undertakes to negotiate the property of the corporation, his authority so to negotiate, must be shown. As treasurer, he has not such authority. *Commercial Bank* v. *French,* 21 Pick. 486. The vote confers no power to negotiate or transfer the corporate property. It was not shown that this was a transaction to raise money. The plaintiff was bound to show that this was negotiated in compliance with the vote of the company. That was not to be a matter of doubt. Unless Norcross had authority, the plaintiff has no rights. He had no authority, except to transfer in pursuance of the vote. That this draft was so transferred, is not shown, and not being shown, the plaintiff is not entitled to recover.

*Hobbs & Moody,* for the plaintiff. The acceptance of the defendant, is an admission of the handwriting of the drawer, and of his right to draw, as he has drawn, payable to his own order. If it does not amount to that, it amounts to nothing. This does not dispense with proof of the indorsement. *Robinson* v. *Yarrow,* 7 Taunt. 455. Whether the indorsement was by Norcross individually or as treasurer is immaterial.

This is indorsed according to its tenor; and if paid by the acceptor, it is paid according to its acceptance. The vote must be regarded as authority to draw; if so it is equally authority to indorse. It is no authority to do either specifically, but it is an authority to do that which requires indorsement. It is an authority to draw and indorse. If indorsed without authority, the transfer is valid to the plaintiff, who is a *bona fide* holder, it being according to the terms of the acceptance. Chitty on Bills, 221; *Thatcher* v. *Dinsmore*, 5 Mass. R. 301; *Foster* v. *Fuller*, 6 Mass. R. 58.

The opinion of the Court was delivered by

Weston C. J. — The acceptance admits the signature of the drawer, and the authority to draw. But it does not admit the indorsement, or that it was duly authorized. *Robinson* v. *Yarrow*, 7 Taunt. 455. The directors of the company, of which the drawer was treasurer, are, by the nature of their office, the general agents of the company. It may be regarded as one of their duties, to provide for the payment of their debts and liabilities. The defendant being one of them, should not be permitted to dispute the authority of a vote passed in his presence, the object of which was to provide for the payment of a debt due to himself.

The acceptance was procured, as appears on the face of the draft, for the purpose of accomplishing the object of the vote. The treasurer was the payee. It was payable in nine months, not exceeding the term of credit authorized. The purpose of the vote was to raise funds immediately. This could not be done, but by the transfer of the draft, thus accepted, to some person willing to advance the amount. The authority to raise the money was given to the treasurer generally. The mode was not prescribed. The terms and conditions were left to his discretion. Being payee, as well as drawer, he made the draft available for the purpose intended, by indorsing it, the only mode that could be adopted. And we are of opinion that such indorsement was authorized, as

one of the means necessary, as well as suitable and proper, to carry the vote into effect.

*Judgment · for plaintiff.*