Dartnell v. Davidson.

JAMES DARTNELL,

*vs.*

WM. F. DAVIDSON, Survivor, &c.

There being no bill of exceptions or case stated in this cause, this court will not examine the question whether the testimony upon which the judgment was based, was properly received and considered, or not.

The defendant appeals from a judgment of the district court for Le Sueur county. As the case is decided upon a question of practice simply, which appears fully in the opinion of the court, no further statement is necessary.

ALLIS, GILFILLAN & WILLIAMS for Appellant.

E. ST. JULIEN COX for Respondent.

*By the Court.*—BERRY, J.—An order of reference was made in this case to M. J. Severance Esq., to take all the testimony which should be offered therein and report the same to the court, it being agreed that the court should render such judgment as might be proper upon examination of the evidence reported.

The parties appeared before the referee, who certifies (though not in his report) that it was stipulated orally, that he might rule upon the admissibility of testimony "to the

Dartnell v. Davidson.

same extent as though he had been a general, instead of a special referee." Testimony was offered and received on behalf of both parties, and objections were taken by both parties to testimony, some of which were allowed, and some disallowed by tho referee, and both parties took exceptions. The referee made a report of the evidence taken, noting the exceptions. The plaintiff upon these facts, and the report, moved for judgment.

The motion was resisted by defendant upon the sole ground, that some of the referee's said rulings were erroneous.

But the court below, conceiving that the parties could by stipulation confer upon the referee power to rule upon the admissibility of tho testimony, construed the stipulation to mean that his rulings were to be final and conclusive, and upon this ground declined to examine the same, or interfere with them, but rendered judgment for the plaintiff, upon the basis that all the testimony reported was properly admissible. Defendant appeals from the judgment.

The course of proceedings in this case suggests several questions of practice, most of which we will not consider, as we do not think that substantial justice in this case, or the best interest of future litigants require us to determine what is the best method of conducting litigation in the wild and irregular way followed in this instance.

It seems to us, however, that the report of the referee must stand upon about the same footing as a deposition, and that the hearing upon the motion must be regarded as a species of trial, in which the evidence is confined to the report of the referee, and the written decision of the court as a species of finding. We see no good reason for the position taken by the court below, that under the stipulation the rulings of the referee were final and conclusive.

Dartnell v. Davidson.

But it seems to us, that if the defendant desired to avail himself of any supposed error on the part of the court, it was his duty, not only to object to the consideration of the evidence which he deemed inadmissible, but to take an exception to the action of the court overruling his objection, otherwise it is to be presumed that he acquiesced in what was done.    *Gen. Stat. ch.* 66, *sec.* 285 *subdiv.* 7.

We do not perceive how any such exception could properly be made to appear, without a bill of exceptions or a case stated, to be settled by the court, neither of which appears to have been made in this instance.

But even if such exceptions might properly appear in the written decision of the court upon the motion for judgment, it is sufficient to say, that none does appear in this case.    As the only errors complained of by the defendant relate to the *admission* of improper testimony, we are entirely unable to perceive how they can be reached in the condition in which the case is presented.

Judgment affirmed.