LUCY H. GILL vs. WILLIAM C. RUSSELL, impleaded, etc.

February 12, 1877.

**Exceptions where Evidence is Taken by Referee.**—Upon the hearing of a case upon evidence taken and reported by a referee appointed for that purpose alone, a party desiring to avail himself of any objection interposed before the referee must renew it, and obtain a ruling thereon by the court, and, if adverse, take an exception.

**Estoppel—Director of Corporation Cannot Profit by Mistake in a Mortgage by the Company which he Took Part in Making.**—B., a corporation, duly executed to plaintiff a real estate mortgage, for valuable consideration, which, through mutual mistake of parties, misdescribed the premises intended and agreed to be mortgaged. Plaintiff caused the mortgage to be duly recorded. R., one of the directors, who participated in the giving of the mortgage and in the mistake, afterwards obtained a judgment against the corporation, and duly docketed the same, so as to make it a lien upon the premises, before the discovery of the error. In an action by plaintiff against the corporation and R., to correct the error and to foreclose his mortgage as a prior lien to R.'s judgment, held, that R. is estopped from contesting the relief sought.

**Registry Laws—Fraud.**—A party will not be permitted to make use of the registry act as an instrument of fraud.

The plaintiff brought this action in the district court for McLeod county, praying that a certain mortgage made to

her by the defendant the McLeod County Cheese-manufacturing Association might be corrected in respect of the description of the premises intended to be mortgaged, but misdescribed therein, and that, as reformed, the mortgage might be declared to be a prior lien to that of a docketed judgment against the association in favor of the defendant Russell, and foreclosed as such prior lien. The defendant Russell alone answered the complaint, and alone appeals from the judgment entered for plaintiff for the relief prayed in her complaint. The proceedings in the case, and the material facts, are stated in the opinion.

*Baxter & Child*, for appellant.

*H. J. Peck*, for respondent.

CORNELL, J. It appears from the settled case that this cause was tried before Hon. *F. M. Crosby*, judge of the district court, upon the pleadings and evidence taken and reported to the court by a referee appointed for that purpose. The report shows that whenever any question was put or evidence offered, by either party, which was objected to by the opposite party, the objection was noted and overruled, as well as the exceptions, if any, and the testimony was received. Undoubtedly, the correct practice in such cases is for the referee to note the objections, and receive the testimony subject thereto; and if the party making an objection desires to insist upon it, he should renew it after the report of the referee, and, upon the introduction of the evidence to the court, obtain a ruling upon it, and take his exception. If he omits to do this, he will be deemed to have waived his objection. *Dartnell* v. *Davidson*, 16 Minn. 530. It does not appear that any of the objections interposed to any of the testimony taken before the referee in this case was ever brought to the notice of the court, or any decision obtained thereon to which any exception was taken. Hence, no question is properly before us in regard to the admissibility of evidence.

The point is made by defendant that the court below

erred in overruling his objections to the amendment of the complaint, offered before the referee. This assumes—what was undoubtedly the fact—that the amendment was allowed by order of the court; but it nowhere appears that any exception was ever taken to the decision of the court allowing it. The only exception disclosed by the record is that taken to the decision of the referee in receiving the amendment, at the time of taking the testimony. The objection then made admits that the amendment had been authorized by the court at the May term, 1875, but claims that it should have been served prior to the taking of the testimony. This objection does not appear to have been presented to the court, nor any ruling obtained upon it. The case shows a submission upon the evidence and pleadings before the referee, and by him reported to the court; and, as no objection was interposed at the hearing, it must be presumed that the decision was based upon such evidence and the pleadings, as amended and reported by the referee.

The objection to the complaint urged in this court—"that it does not describe the premises intended to be conveyed, or what the mistake was"—is fully met by the amended complaint, which is sufficient in this regard. As this is the only point made in this court, or in the record, as to the sufficiency of the complaint, the only question left for consideration relates to the sufficiency of the evidence and findings of fact to support the conclusions of law. The facts are, briefly and substantially, as follows:

During the time of the alleged transaction the defendant association was a corporation, of which defendant Russell was one of the directors who were charged with the administration and management of its business and affairs. The corporation, being indebted to the plaintiff, agreed to give its note for the amount, payable in six months, secured by a mortgage upon certain premises which it then owned free and unencumbered, and occupied in doing its business, consisting of a certain two-acre tract of land, with the

cheese-factory and other buildings thereon, situate as described in the complaint. Pursuant to this agreement the note was given, and the mortgage was duly executed, acknowledged, and delivered to the plaintiff, in the full belief that it corresponded with the agreement and covered the identical premises intended by all the parties, and the plaintiff thereupon caused the same to be duly recorded in the proper recording office. Russell, as one of the directors, participated in the making of the agreement and the giving of the note and mortgage, and witnessed the execution of the latter. Through the mistake and inadvertence of all the parties, including Russell, the description of the premises, as inserted in the mortgage, was erroneous, so that, in fact, it did not cover the property intended and owned by the corporation. After this, and before the discovery of the error, Russell obtained a judgment against the corporation of which he was such director and member, and proceeded to enforce the same against the premises as a prior lien to plaintiff's mortgage.

This action is brought to reform the mortgage, to make the corresponding alteration and correction of the record, and to foreclose the same as thus reformed, and 'as a prior encumbrance to defendant Russell's judgment. This Russell resists, claiming his judgment to be a prior lien under the recording act, which declares every mortgage conveyance of real estate void as against "any judgment lawfully obtained, at the suit of any party, against the person in whose name the title to such land appears of record, prior to the recording of such conveyance." Gen. St. c. 40, § 21.

It is not denied that the defendant corporation was under every legal and moral obligation to plaintiff to consent to the correction of the mortgage and the record, as of the dates when originally made, so that plaintiff would be able to receive the benefit of her security as a lien upon the intended property as fully as though the mistake had not

occurred; and the court, in the exercise of its equity juris-diction, possesses ample power to render this obligation effectual, by causing the correction to be made as between the parties.

Upon the directors of the corporation, charged with the general conduct and management of its affairs, the law imposed the duty of causing all the admitted obligations of the company to be honestly and faithfully observed, and to use their best exertions to that end.   *Richards* v. *New Hampshire Ins. Co.*, 43 N. H. 263; *Belknap* v. *Davis*, 19 Me. 455.   This duty rested upon Russell, as one of the directors, equally with the others, and he will not be permitted, in plain disregard of such his duty, to take advantage of a known mistake, for which he was in part responsible, to set up the lien of a judgment subsequently acquired in his own favor, so as to overreach the prior conceded equity of plaintiff.   The registry act cannot avail him; for, though valuable as a protection and a shield, it cannot be used as a weapon or instrument of fraud.

Judgment affirmed.